[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#126.00)
The court has read all of the cases cited by the defendants in support of their motion to strike. The holding of Connolly v.Housing Authority of the City of New Haven, 213 Conn. 354, 365
(1990) is that by virtue of Connecticut General Statutes § 42-110c, a municipal housing authority is exempted from liability under CUTPA when it leases subsidized rental units to low-income tenants. Section 42-110c(b) provides, "[t]he burden of proving exemption, as provided in this section, from the provisions of this chapter shall be upon the person claiming the exemption". A moving party in a CT Page 13435 motion to strike is not procedurally permitted to prove anything. There is no way the requirements of the statute can be met at this stage in the pleadings. The trial court in Connolly denied the defendant's motion to strike. "A primary rule of statutory construction is that if the language of the statute is clear, it is presumed that the words express the intent of the legislature. The court must interpret the statute as written." Connolly at 359. None of the Superior Court cases cited where the motion to strike was granted this statutory issue.
Accordingly, the court finds that the motion to strike is not the appropriate vehicle to address the exemption under CUTPA as provided by the statute. The motion to strike is denied.
KARAZIN, J.